IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT P. PEEBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00730-O-BL |
| | § | |
| NANCY A. BERRYHILL[*], | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Robert P. Peebles seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, the undersigned recommends the Commissioner's decision be vacated and the case remanded to the agency for further consideration.

## I. STATEMENT OF THE CASE

Peebles filed an application for DIB on January 21, 2015, alleging impairments that were disabling as of October 25, 2014. That application was denied initially on March 16, 2015 and again after reconsideration on June 4, 2015. Peebles requested a hearing, which was held before an administrative law judge on January 14, 2016, and at which Peebles amended the onset date of

---

[*] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

disabling symptoms to December 31, 2014. The ALJ issued a decision on February 1, 2016 finding Peebles was not disabled.

Specifically, the ALJ established during step one that Peebles had not engaged in substantial gainful activity since the alleged onset date. (Doc. 8-3, 14). At step two, the ALJ determined Peebles had the severe impairments of obesity and degenerative disc disease of the cervical, thoracic, and lumbar spine. *Id.* In step three, the ALJ found that Peebles did not qualify under or medically equal an impairment listed in the appendix. *Id.* The step three analysis continued, with the ALJ ruling that Peebles retained the residual functional capacity to lift ten pounds frequently and twenty pounds occasionally, stand or walk for six hours of an eight-hour workday and sit for six hours of an eight-hour workday alternating to relieve pain or discomfort, push and pull twenty pounds occasionally, occasionally balance, crouch, stoop, and climb ramps or stairs, and perform reaching, handling, fingering, and feeling activities, but not kneel, crawl, climb ladders or scaffolding, or work around hazardous moving machinery, excessive vibration, or unprotected heights. (Doc. 8-3, 15). At step four, the ALJ determined Peebles could return to past relevant work as a retail manager. (Doc. 8-3, 19). The ALJ also solicited vocational expert testimony at step five and found there were also sufficient other jobs Peebles could perform and found him not disabled. (Doc. 8-3, 20).

Peebles applied to the Appeals Council, which denied review on June 4, 2016. Therefore, the ALJ's decision is the Commissioner's final decision and properly before the court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to his pleadings, testimony, and the administrative record, Peebles was 54 years old and living with his wife and several other extended family members at the time of the administrative hearing. He has experience working as a custodian and as a manager at retail stores. He believes his physical impairments render him disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the proper legal standards. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Peebles alleges the ALJ failed to properly weight and consider medical opinion evidence when crafting the RFC and also erred in making a credibility determination. (Doc. 13, 10; 18). Peebles first points to evidence supplied by a treating physician, Lloyd Weldon, which he believes the ALJ did not properly evaluate under the regulations. In his decision, the ALJ claims Dr. Weldon is a chiropractor and therefore not an acceptable medical source. (Doc. 8-3, 18). In fact, as the Commissioner now concedes, Dr. Weldon is a O.D. and an acceptable medical source. (Doc. 14, 9). An acceptable medical source—such as Dr. Weldon—may establish the existence of impairments, offer medical opinions, and be considered as a treating physician sometimes due

deference or controlling weight. *See Thibodeaux v. Astrue*, 324 Fed.Appx. 440, 445 (5th Cir. 2009). The ALJ found that

> Dr. Weldon opined the claimant suffered from chronic and severe pain and was limited to a significantly less than sedentary residual functional capacity. However, Dr. Weldon's opinion is not consistent with the medical record as a whole. Specifically, numerous visits fail to establish the presence of any limitations, symptoms, or objective findings that would directly support [the limitations he assessed]. Additionally, Dr. Weldon's records also indicate the claimant's pain was responsive to injection therapy, and he discharged the claimant from treatment in April 2015. I find both of those facts further erode Dr. Weldon's opinions regarding the claimant's significant functional capacity. As such, I have given very little weight to Dr. Weldon's opinion....

(Doc. 8-3, 18).

The Commissioner argues this mis-classification of Dr. Weldon and the evidence he offers is harmless error, as the ALJ provided some bases for the decision to give his opinion little weight that might also apply if he had been properly considered an acceptable medical source and treating physician. (Doc. 14, 10). Although the Commissioner is correct that a RFC and resulting disability determination is "based on all the relevant evidence in [the claimant's] case record," and that there may be some scenarios in which the opinion offered by a treating physician is correctly assigned little or no weight in setting the RFC, this is not sufficient to show the ALJ's error was harmless. (Doc. 14, 11 quoting 20 C.F.R. § 404.1545(a)(1)).

An error is harmless if correcting it would not produce a different result and prejudicial if it would. *See Mays v. Bowen*, 837 F.2d 1362 (5th Cir. 1988) ("The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time. Remanding this case ... would produce the same result while wasting time and resources.") (internal citation omitted). Although there is a possibility that the ALJ made only an isolated mistake in referring to Dr. Weldon and did afford his evidence the proper deference and consideration, it is also possible that

the ALJ, weighing Dr. Weldon's evidence in the proper light, may have assessed a different RFC and resulting disability determination.

As it stands, this error creates both a lack of substantial evidence as to whether the RFC reflects the appropriate medical opinion evidence and reason to believe the proper legal standards were not applied—an ALJ must go to significant lengths in discounting the opinion of an acceptable medical source. Therefore, the undersigned **RECOMMENDS** the United States District Judge **REMAND** this case to the Social Security Administration for further consideration.

It is **ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996). **SO ORDERED.**

Dated July 20, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE